Kenneth J. Grunfeld, Esq.
Attorney I.D. No. 84121
Golomb Spirt Grunfeld, P.C.
1835 Market Street, Suite 2900
Philadelphia, PA 19103
Phone: (215) 985-9177
kgrunfeld@GolombLegal.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN BENANAV, BRYAN GAGE, MONICA KOWALSKI, LINDSAY PURVEY, STEPHANIE CAUGHLIN, and KATHERINE THOMAS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HEALTHY PAWS PET INSURANCE LLC,<br><br>Defendant. | ACTION PENDING IN W.D. WASHINGTON CASE NO. 2:20-CV-00421-RSM<br><br>**MOTION TO COMPEL COMPLIANCE WITH SUBPOENA** |

**Introduction**

This case is a putative class action pending in the Western District of Washington. Plaintiff served a subpoena for document production and deposition upon third-party Indemnity Insurance Company of North America on June 2, 2022, seeking certain information about the calculation of premiums for Plaintiffs' pet insurance policies marketed and administered by Defendant Healthy Paws and underwritten by Indemnity. *See* Subpoena, attached as Exhibit 1. Over the course of the last three months, Indemnity has produced only a handful of documents to date and a barren privilege log identifying 111 documents to be withheld from Healthy Paws' production on behalf of the insurers affiliated with Chubb—which includes Indemnity and two other insurance companies that are subject to two separate motions to compel filed concurrently herewith, ACE American Insurance Company and Westchester Fire Insurance Company. Plaintiffs' Counsel has met and conferred with Indemnity's Counsel on multiple occasions to request that it provide the remaining documents requested by the Subpoena and supplement the privilege log with greater detail. Plaintiffs are hopeful that Indemnity will produce the responsive documents, bolster its privilege log, and produce a witness to sit for deposition; but due to the upcoming discovery cutoff, Plaintiffs need to move to compel in order to preserve their rights. Thus, Plaintiffs seek an order compelling Indemnity to produce the documents responsive to the Subpoena, provide a supplemental privilege log, and produce a witness for deposition.

**Relevant Factual and Procedural Background**

This putative class action against Healthy Paws alleging that Healthy Paws deceived pet insurance policyholders regarding the true costs of Healthy Paws' pet insurance program. Defendant is an insurance provider that markets and administers pet insurance policies to consumers for various underwriters, including Indemnity. Each of the policies contained the same terms regarding premium increases and promised that rates would only increase "to reflect changes in the costs of veterinary medicine," and Healthy Paws' marketing messages, website, and sample policies similarly conveyed that premiums would remain low throughout the life of the consumers' pet. However, after purchasing Healthy Paws' pet insurance, consumers found out that their policy

premiums increased drastically year by year at a rate outpacing the general costs of veterinary medicine. Consumers eventually learned that Healthy Paws' marketing regarding the premiums was false because Healthy Paws increased premiums for a variety of reasons completely unrelated to the cost of veterinary medicine, including a pet's age. Had consumers known of the surprise increases, they would have never signed up for Healthy Paws pet insurance and would not have incurred substantial monetary damage by paying exorbitant premiums.

Because the insurance companies, including Indemnity, are the entities responsible for setting Healthy Paws' pet insurance premium rates, this specific information from Indemnity as to how premiums were actually calculated is highly relevant to this case and Plaintiffs sought such information by serving subpoenas to various insurers. Specifically, to establish liability against Healthy Paws, Plaintiffs need to determine how exactly these rates were calculated and compare that information against Healthy Paws' allegedly false and deceptive messaging to policyholders. Since Healthy Paws has already claimed to not have this information, Indemnity must be compelled to produce this information promptly.

Indemnity did not timely serve any objections to the Subpoena. However, on August 5, 2022, approximately 2 months after being served with the Subpoena, Indemnity produced only seven documents. These documents comprised of an Agency Agreement between ACE and Healthy Paws from October 1, 2012 and two amendments thereto; Westchester Fire Insurance Company's New Program filing with the California Department of Insurance regarding Healthy Paws' pet insurance program in 2018; ACE's New Program filing with the California Department of Insurance regarding Healthy Paws' pet insurance program in 2012; and a Westchester Fire Insurance Company's Rule filing with the California Department of Insurance in 2019. There are several outstanding categories that Indemnity's production has not yet addressed, including documents showing the actuarial support for any experience rate plan, expected loss ratio, expense variation factor, and medical trend factor applied to Plaintiffs' policies, and all communications between Healthy Paws and Indemnity regarding changes to premiums for Plaintiffs' policies.

On July 15, 2022, Indemnity also produced a privilege log of documents withheld from Healthy Paws' document production on behalf of insurers affiliated with Chubb, including Indemnity. Plaintiffs' Counsel met and conferred with Indemnity's Counsel regarding the shortcomings therein, specifically, that Indemnity had failed to provide sufficient detail to enable Plaintiffs to adequately assess the claim of privilege. On August 2, 2022, Indemnity's Counsel agreed to prepare a supplemental log addressing the deficiencies identified by Plaintiffs' Counsel. To date, Indemnity has not produced a supplemental privilege log.

Additionally, Plaintiffs' Counsel requested dates to take the deposition of Indemnity's witness. To date, Indemnity has not provided any potential dates.

As of September 9, 2022, Indemnity has supplemented its production with 47 additional documents, mostly consisting of rate and policy filings submitted to state insurance regulators, agency agreements, and responses to named Plaintiff Bryan Gage's consumer complaint filed with the Better Business Bureau.

While these discussions are ongoing, Plaintiffs are cognizant of the approaching fact discovery cutoff and therefore, move to compel production of the requested documents, a supplemental privilege log, and witness for deposition.

## Argument

Under Federal Rule of Civil Procedure 45(a)(1)(c), any party pay serve a subpoena commanding a nonparty "to attend and give testimony or to produce and permit inspection and copying of designated books, documents or tangible things in the possession, custody or control of that person." *Wright v. Montgomery County,* 1999 WL 80275 at *3 (E.D. Pa. Feb. 3, 1999). Because the subpoena is subject to the relevance requirements of Rule 26(b), the subpoenaing party may seek "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The party opposing the subpoena has the burden of demonstrating that the discovery sought is privileged or subject to some other form of protection, overly broad, unduly burdensome, or not relevant. *R.J. Reynolds Tobacco v. Philip Morris, Inc.,* 29 Fed. Appx. 880, 882 (3d Cir. 2002).

Plaintiffs respectfully request that the Court compel Indemnity to comply with the Subpoena. Each category of documents requested is highly relevant to Plaintiffs' case. *See* Exhibit A to Subpoena, attached hereto as Exhibit 1. For instance, documents that demonstrate the calculation of monthly premiums charged to each Plaintiff from the inception of their pet insurance policies marketed and administered by Healthy Paws, including actuarial support for factors such as experience rate plan, expected loss ratio, expense variation, and medical trends, go to the heart of Plaintiffs' allegations, *to wit*: that Healthy Paws deceptively marketed to policyholders that their pet insurance premiums would not increase for reasons other than a rise in the cost of veterinary care. Plaintiffs need to ascertain how exactly the underwriters, such as Indemnity, calculated their monthly premiums, including what formulas were applied and what factors were used, in order to prove that Defendant's messaging was indeed false and misleading. Ordering Indemnity to produce these documents is further warranted because Plaintiffs have already requested the same from Healthy Paws and they have claimed to not have such information. *See In re Mushroom Direct Purchaser Antitrust Litig.,* 2012 WL 298480 at *4 (E.D. Pa. Jan. 31, 2012) (finding plaintiffs have sufficiently demonstrated their need for the requested documents where they demonstrated that the third-party "possesses relevant documents that [Defendant] does not."). Additionally, documents reflecting communications between Indemnity and Healthy Paws as to the changes in Plaintiffs' premiums will undoubtedly assist Plaintiffs in proving their claims.

Next, Plaintiffs move to compel Indemnity's production of a supplemental privilege log, as it presently lacks the requisite level of specificity and detail. Fed. R. Civ. P. 45(e)(2)(A)(iii) requires that privilege logs provide sufficient information to enable the opposing party to adequately assess the claim of privilege. Indemnity bears the burden of establishing that its documents are privileged. *See R.J. Reynolds Tobacco,* 29 Fed. Appx. at 882. Indemnity's privilege log contains 111 Entries, each of which Indemnity asserts are documents being withheld pursuant to the attorney-client privilege and common interest privilege. The lack of detail for each Entry renders the privilege log incomplete, as Plaintiffs are unable to assess the viability of such privilege claims. For example, Entry Numbers 11, 26-34, 38-72, 77-111 referenced a "draft website

5

document." However, the description was devoid of any identifying details such as website address, title, or contents therein. Further, several of the Entries regard a "draft complaint response," but fail to identify what complaints those documents refer to or the subject matter of the contents therein. The lack of sufficient detail does not suffice to meet Indemnity's burden. *See id.* (holding "skeletal descriptions in [a] privilege log do not support" a non-party's privilege claim).

To the extent any of the information sought is confidential or proprietary, there is an Order Granting Stipulation for the Production in Exchange of Confidential Information in place that would protect this information Indemnity designates as confidential. (Dkt No. 82.) This should alleviate any of Indemnity's concerns, and if it does not, Plaintiffs would be willing to negotiate additional provisions to protect this information.

Lastly, Plaintiffs request that the Court compel Indemnity to produce a witness for deposition. Testimony as to how Indemnity set Plaintiffs' pet insurance premiums is certainly relevant and proportional given that this information can be obtained in a short deposition and will illuminate the meaning of documents produced pursuant to the Subpoena, eliminating the need for further discovery from Indemnity.

## **Conclusion**

For the foregoing reasons, this Court should compel Indemnity to produce documents responsive to the Subpoena, provide a supplemental privilege log, and produce a witness for deposition.

DATED: September 13, 2022           Respectfully submitted,

                                                            __/s/ Sophia G. Gold

Sophia G. Gold
Jeffrey D. Kaliel
**KALIELGOLD PLLC**
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
Phone: (202) 350-4783
sgold@kalielgold.com
jkaliel@kalielpllc.com

Samuel J. Strauss
Raina C. Borrelli
**TURKE & STRAUSS LLP**
613 Williamson St. Ste. 201
Madison, WI 53703
Phone: (608) 509-4423
sam@turkestrauss.com
raina@turkestrauss.com

Stan M. Doerrer
**THE LAW OFFICE OF STAN M DOERRER PLLC**
950 N Washington Street
Alexandria, VA 22314
Phone: (703) 348-4646
stan@doerrerlaw.com

*Attorneys for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 13th day of September, 2022, a copy of the foregoing document was served electronically on:

Alicia Cobb
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1109 First Avenue, Suite 210
Seattle, Washington 98101
Telephone: (206) 905-7000
aliciacobb@quinnemanuel.com

Stephen A. Broome (*pro hac vice*)
Justin C. Griffin (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3285
sb@quinnemanuel.com

Rick Werder (*pro hac vice*)
Robert Longtin (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
rickwerder@quinnemanuel.com

*Attorneys for Defendant Healthy Paws Pet Insurance LLC*

/s/ *Kenneth J. Grunfeld*
Kenneth J. Grunfeld

# EXHIBIT 1

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

|  |  |
|---|---|
| _____<br>*Plaintiff*<br>v.<br>_____<br>*Defendant* | )<br>)<br>) Civil Action No.<br>)<br>)<br>) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: _____
*(Name of person to whom this subpoena is directed)*

❏ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
|  |  |

The deposition will be recorded by this method: _____

❏ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                  *CLERK OF COURT*

                                        OR

_____      _____
*Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **EXHIBIT A**

- All documents that demonstrate the calculation of each monthly premium charged to Bryan Gage from the inception of his pet insurance policy marketed and administered by Healthy Paws to the present, including actuarial and other support for any experience rating plan, expense variation, medical trend or other factors applied that are not explicitly designated in the relevant rate filings.

- All documents that show actuarial and other support for any experience rate plan applied to Bryan Gage's pet insurance policy marketed and administered by Healthy Paws.

- All documents that show actuarial and other support for any Expected Loss Ratio and/or Expense Variation Factor applied to Bryan Gage's pet insurance policy marketed and administered by Healthy Paws.

- All documents that show actuarial and other support for any medical trend factor applied to Bryan Gage's pet insurance policy marketed and administered by Healthy Paws.

- All communications between Healthy Paws and Indemnity Insurance Company of North America regarding changes to premiums for Bryan Gage's pet insurance policy marketed and administered by Healthy Paws.

- All documents evidencing any compensation arrangement between Healthy Paws and Indemnity Insurance Company of North America.

- All versions of the General Agency Agreement entered into between Healthy Paws and Indemnity Insurance Company of North America.

# AFFIDAVIT OF PROCESS SERVER

## In the United States District Court for the Western District of Washington

Steven Benanav et al.

Plaintiff(s),

vs.

Healthy Paws Pet Insurance LLC

Defendant(s).

Attorney: Sophia Gold, Esq.

Kaliel Gold, PLLC
1100 15th St., NW, 4th Fl.
Washington DC 20005


*279218*

**Case Number: 2:20-CV-00421-RSM**

Legal documents received by Same Day Process Service, Inc. on **05/27/2022** at **12:17 PM** to be served upon **Idemnity Insurance Company of North America - Attn: Custodian of Records** at **436 Walnut Street, Philadelphia, Philadelphia, PA 19106**.

I, **Cora Heishman**, swear and affirm that on **June 02, 2022** at **4:48 PM**, I did the following:

Served **Idemnity Insurance Company of North America - Attn: Custodian of Records** by delivering a conformed copy of the **Subpoena to Testify at a Deposition in a Civil Action; Exhibit A** by Certified Mailing to **Idemnity Insurance Company of North America - Attn: Custodian of Records** at **436 Walnut Street, Philadelphia, Philadelphia, PA 19106**.

**Supplemental Data Appropriate to this Service:** On 06/02/2022, a copy of the legal documents was certified mailed to the subject with receipt number: 70210950000187116851 to the address of: 436 Walnut Street, Philadelphia, PA 19106. The domestic return receipt has been requested and a subsequent affidavit will be created once received.

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

Cora Heishman
Process Server
Same Day Process Service, Inc.
1413 K St., NW, 7th Floor
Washington DC 20005
(202)-398-4200
info@samedayprocess.com

Internal Job
ID:279218

